IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EDWARD L. GUY | ) | |
| | ) | |
| v. | ) | NO. 3:11-0895 |
| | ) | |
| SONYA TROUTT, et al. | ) | |

TO:    Honorable Aleta A. Trauger, District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered September 27, 2011 (Docket Entry No. 5), this civil action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72 (b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

The plaintiff filed this action pro se and in forma pauperis on September 20, 2011, against Sonya Troutt and Brian Crowder, both of whom are employees at the Sumner County, Tennessee Jail ("Jail"). The plaintiff seeks damages under 42 U.S.C. § 1983 for violations of his civil rights.

By the order of referral, the plaintiff's application to proceed in forma pauperis was granted and the Clerk was directed to send the plaintiff service packets (a blank summons and USM 285 form) for the named defendants, which the plaintiff was directed to complete and return within twenty (20) days of receipt of the Order. The record in this action indicates that service packets were sent to the plaintiff by regular and certified mail, and there is no indication in the record that the service packets were returned to the Court as undeliverable. To date, the plaintiff has not returned completed service packets to the Court, has not shown that the defendants have been served with process, and

has not responded in any manner to the September 27, 2011, Order. The record in the action indicates that the plaintiff has had no contact with the Court since the filing of his complaint.

It is well settled that Federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff, see Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980), and Rule 41.01 of the Local Rules of Court requires that an action be dismissed without prejudice if it has been inactive for six months. Additionally, Rule 4(m) of the Federal Rules of Civil Procedure requires that the defendants be served with process within 120 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice or order that service be made within a specified time. Given the plaintiff's apparent lack of interest in the action and his failure to take the steps necessary to serve the defendants with process or prosecute his action in any manner, the Court finds that dismissal of the action is warranted.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.01.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge